REQUESTED BY: Senator William E. Nichol Speaker of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Nichol:
This is in response to your letter of July 11, 1985. In that letter you note our previous opinion, No. 108 issued July 5, 1985, concerning the subject of LB 662 and the current referendum campaign. In that regard you ask the following questions.
 (1) Could legislation be constitutionally enacted drafted in the form of amendments to LB 662, such amendments operative effect being made contingent upon the outcome of the referendum election?
 (2) Could legislation be constitutionally enacted drafted in the form of amendments to LB 662 the operative date of such amendments being delayed to December 31, 1986?
In our previous opinion we concluded that after the referendum process had been completed to the extent of the filing and verification of the requisite number of signatures with the Secretary of State, thereby causing the matter to be placed on the ballot for the next general election, "it would appear that a major substantive change to the provisions of LB 662 would have the effect of hampering or rendering ineffective the constitutionally reserved power of referendum." That conclusion was based in a large part upon the rationale of the Missouri Supreme Court in the case of State v. Becker, 240 S.W. 229 (1922). In that case the court stated that once the right of referendum had been invoked, the Legislature "is divested of all power in regard to the matter referred until the action of the people has been exercised by a vote upon same." The court went on to hold that "after the right of reference has been invoked," the Legislature "cannot interfere with a referred measure by the passage of another on the same subject until after the one referred has been voted upon by the people and their power in that respect exhausted." Id. at 232. In other words the Legislature's power to deal with the subject matter of a referred statute is suspended by the referendum petition until after the election on the referred matter. In fact this was the precise ruling of the Maine Supreme Court in an opinion to that state's Legislature on the same issue, In Re Opinion of the Justices, 174 A. 853 (1933). Specifically the court stated that "After the referendum has been invoked and until the voters have acted thereunder, the subject-matter of the referred bill is withdrawn from further consideration of the Legislature. It can neither amend nor repeal the act during that period." Id. at 855.
Having adopted this rationale in our previous opinion, we thus believe that the answer to both of your questions is that the Legislature may not make any such amendments to LB 662 pending the outcome of the election, once the referendum petitions have been filed and verified by the Secretary of State. This is true regardless of the effective date of the amendments or the fact that they may be contingent upon the outcome of the referendum action. Any such attempted amendments could be construed as an interference with the people's constitutional right of referendum, and would therefore likely be held unconstitutional if challenged before the courts.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General